■ In the Matter of THOMAS M. MACY, Petitioner, v SUF-FOLK COUNTY PROBATION DEPARTMENT, Respondent. [651 NYS2d 63] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Probation Department, dated July 17, 1995, which, after a hearing, found the petitioner guilty of misconduct based on excessive absenteeism and dismissed him from his position as a probation officer.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, the determination finding him guilty of misconduct based on excessive absenteeism is supported by substantial evidence in the record *(see, Matter of Lahey v Kelly,* 71 NY2d 135; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Indeed, petitioner conceded he was absent the 72 times specified in the charges, and testimony adduced at the hearing demonstrated that the repeated absences had disruptive and burdensome effects on the functioning of the Department of Probation. Moreover, while the petitioner claimed that his absences were due to illness, a medical examination conducted on behalf of his employer indicated that he was able to perform his work duties. Additionally, the petitioner failed to come forward with a definitive diagnosis of any medical condition from which he suffers, nor did he provide any medical confirmation of his claimed inability to perform his work duties.

Given the foregoing, and in view of the prior warnings and disciplinary action taken against the petitioner in connection with his history of excessive absences, the penalty of dismissal was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Rosenblatt, J. P., Sullivan, Copertino and Joy, JJ., concur.